Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ROBERTO QUIÑONES RIVERA<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION<br><br>Parte Recurrida | TA2025RA00075 | Revisión de Decisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-264-25<br><br>Sobre:<br>Solicitud de Documentos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece por derecho propio y de manera *pauperis*[1] el Sr. Roberto Quiñones Rivera (Sr. Quiñones Rivera o recurrente) y solicita que revoquemos la *Resolución* emitida el 7 de mayo de 2025, por el Departamento de Corrección y Rehabilitación (DCR).[2] En su dictamen, el DCR ordenó entregar al recurrente copia de las solicitudes de reconsideración presentadas en dos remedios previos que la agencia no atendió por tardías.

En su recurso, el Sr. Quiñones Rivera cuestiona que el DCR le devolviera los antedichos documentos basado en que se presentaron vencido el término disponible para ello, sin que en éstos la agencia consignara la fecha que corrobora la radicación tardía.

El DCR presentó su alegato en oposición, por conducto de la Oficina del Procurador General.

Con el beneficio de ambas comparecencias, resolvemos.

---

[1] El 24 de julio de 2025, emitimos *Resolución* mediante la cual autorizamos al Sr. Quiñones Rivera a litigar como indigente.
[2] La resolución recurrida fue recibida por el Sr. Quiñones Rivera el 20 de mayo de 2025. Véase, SUMAC-TA, Anejo 4.

**I.**

El 3 de febrero de 2025, el Sr. Quiñones Rivera presentó[3] ante la División de Remedios Administrativos (División) del DCR la solicitud de remedio administrativo número B-264-25 al amparo del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, de 4 de mayo de 2015. El recurrente reclamó que aún no se le había hecho entrega de las copias de las solicitudes de reconsideración presentadas en los remedios administrativos números B-1429-24 y B-1254-24 que especificaran la fecha en que fueron recibidas por la División, ni de resoluciones que resuelvan dichas solicitudes de reconsideración. El Sr. Quiñones Rivera alegó que el 13 de noviembre de 2024 recibió las respuestas de los aludidos remedios números B-1429-24 y B-1254-24, y que depositó las solicitudes de reconsideración el 21 de noviembre de 2024 en el buzón del Edificio III de la Institución 501.[4] Esto fue, antes del vencimiento del término de veinte (20) días para presentar una solicitud de reconsideración, y que todavía no ha recibido las correspondientes resoluciones adjudicando sus solicitudes de reconsideración.

El 14 de febrero de 2025, la Evaluadora de Remedios Administrativos, Sra. Maribel García Charriez (Evaluadora) emitió una *Respuesta al miembro de la población correccional*.[5] En ésta, expuso lo siguiente:

> En respuesta a su solicitud le informamos que las reconsideraciones que solicita usted las envió fuera de los términos por lo que le fueron devueltas y usted se negó a recibirlas el día 17 diciembre 2024. Para su información las mismas se encuentran archivadas en su expediente y no se le hará entrega de las mismas.[6]

---

[3] La solicitud fue recibida por la División el 12 de febrero de 2025.
[4] SUMAC-TA, Anejo 1.
[5] *Íd.*
[6] *Íd.*

El Sr. Quiñones Rivera recibió la referida contestación el 25 de febrero de 2025.[7] Inconforme con la respuesta emitida, el 4 de marzo de 2025, presentó una *Solicitud de Reconsideración,* recibida el 13 de marzo de 2025 por la División.[8]

En su solicitud de reconsideración, el recurrente arguyó que la actuación de la agencia de devolverle las solicitudes de reconsideración B-1429-24 y B-1254-24, bajo el pretexto de que se presentaron fuera de término, y sin emitir una decisión escrita y fundamentada, que a su vez le apercibiera sobre su derecho a recurrir al foro judicial para cuestionar la determinación, violentaba su derecho constitucional a una notificación adecuada del proceso e incumplía lo establecido en el Reglamento Núm. 8583, *supra.[9]*

Además, el Sr. Quiñones Rivera mencionó que, aun cuando la Evaluadora determinó que las solicitudes de reconsideración de los remedios B-1429-24 y B-1254-24 fueron presentadas fuera de término, la respuesta emitida -en el presente remedio B-264-25- tampoco precisaba la fecha en que la División recibió las referidas solicitudes de reconsideración. El recurrente insistió que recibió las respuestas de los remedios B-1429-24 y B-1254-24 el 13 de noviembre de 2024, lo que significaba que el término para presentar las solicitudes de reconsideración vencía el 3 de diciembre de 2024. Por lo cual, arguyó que el depósito en el buzón de ambas solicitudes el 21 de noviembre de 2024, lo realizó en tiempo hábil. Por ello, el Sr. Quiñones Rivera exhortó a la Evaluadora volver a calcular el término para presentar las reconsideraciones de los remedios B-1429-24 y B-1254-24, o, en la alternativa, que consignara con prueba creíble y confiable en qué fecha éstas se recibieron en la División.[10]

---

[7] *Íd.*
[8] *Íd.,* Anejo 4.
[9] *Íd.,* Anejo 1.
[10] *Íd.*

La solicitud de reconsideración fue acogida por la División el 27 de marzo de 2025.[11]

El 7 de mayo de 2025, la Coordinadora de la División de Remedios Administrativos, Sra. Damaris Robles Domínguez (Coordinadora) emitió la *Resolución* recurrida, en la que emitió las siguientes determinaciones de hechos:

1. El recurrente presentó una Solicitud de Remedios Administrativos el 12 de febrero de 2025 ante la Evaluadora de Remedios Administrativos la Sra. Maribel García Charriez de la Oficina de Bayamón. En su escrito solicita que se le informe por [qué] hasta la fecha del presente no se le ha entregado una copia de las solicitudes de reconsideración números B-1429-24 y B-1254-24, que contengan la fecha en que fueron recibidas en la División de Remedios.

2. El 14 de febrero de 2025, la Sra. Maribel García Charriez, Evaluadora Remedios Administrativos, Oficina de Bayamón realiza respuesta al miembro de la población correccional indicándole que las reconsideraciones que solicita usted las envió fuera de términos por lo que le fueron devueltas y usted se negó a recibirlas el 17 de diciembre de 2024.

3. El 25 de febrero de 2025 se hace entrega al recurrente del Recibo de Respuesta.

4. El recurrente presentó Solicitud de Reconsideración el 13 de marzo de 2025 ante la consideración del Coordinador de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

5. Se acoge la Solicitud de Reconsideración el 27 de marzo de 2025.[12]

Ante los hechos esbozados, como conclusión de derecho, la Coordinadora expuso:

El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional en la Regla XIV- REVISIÓN DE RESPUESTA DE RECONSIDERACIÓN DE REMEDIOS ADMINISTRATIVOS indica lo siguiente:

1. Si el miembro de la población correccional no estuviera de acuerdo con la respuesta emitida, podrá solicitar revisión, mediante escrito de Reconsideración ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta.

---

[11] *Íd.,* Anejo 4.
[12] *Íd.,* Anejo 1.

Se orienta al recurrente que la Respuesta del Área Concernida le fue entregada el 13 de noviembre de 2024; se realizaron rondas para recoger las solicitudes los días 15 de noviembre de 2024, 6 y 9 de diciembre de 2024. Las solicitudes de reconsideración B-1254-24 y B1429-24 fueron recogidas el 9 de diciembre de 2024 por lo cual ya habían pasado veintisiete (27) días calendarios. La Ley de Procedimientos Administrativos Uniforme establece el término de veinte (20) días como término para aceptar las solicitudes de reconsideraciones. Por tal razón el 17 de diciembre de 2024 la Oficial María Pacheco, Encargada de Correspondencia, Institución Correccional Bayamón 501 procedió a entregar ambas reconsideraciones por estar fuera de términos, pero el recurrente se negó a aceptar los documentos. Como resultado de esta conducta la Oficial Pacheco indicó lo ocurrido y procedió a archivar los documentos en el expediente administrativo.

A modo de excepción se procede a entregar copias de las solicitudes de Reconsideraciones números B-1254-24 y B-1429-24[,] según solicitado por el recurrente. De otra parte, es importante que siempre el recurrente esté en la disposición de recibir los documentos enviados por la Oficina de Remedios Administrativos de Bayamón ya que puede continuar el proceso administrativo a nivel de Tribunal de Apelaciones de entender que el procedimiento realizado no es conforme a la reglamentación vigente.

## DISPOSICIÓN

A base a la información expuesta en este documento determinamos revocar la respuesta recibida por parte de la Sra. Maribel García Charriez, Evaluadora de la Oficina de Bayamón.[13]

En la resolución, se apercibió al Sr. Quiñones Rivera sobre su derecho a solicitar revisión judicial y sobre el plazo que tenía para así hacerlo. Esa resolución se notificó al recurrente el 20 de mayo de 2025, y se acompañó una *Hoja Devolución Documentos a los Miembros de la Población Correccional,* en la que solo se hizo referencia a la solicitud de reconsideración B-1429-24, la cual devolvieron al recurrente por la siguiente razón:

Reconsideración B-1429-24 fuera de los términos ya que recibió respuesta el 11-13-24[.] Los buzones se recogieron el 12-9-24 y su solicitud no estaba en el buzón.[14]

---

[13] SUMAC-TA, Apéndice del recurso, entrada 2.
[14] *Íd.*

Inconforme, el 12 de junio de 2025, el Sr. Quiñones Rivera suscribió el presente recurso, depositado en el correo postal el 23 de junio de 2025, recibido por nuestra Secretaría el 25 de junio de 2025, en el cual imputó al DCR los siguientes señalamientos de error:

> Erró la Coordinadora Regional Damaris Robles Domínguez al revocar parcialmente y confirmar la Respuesta emitida por la Evaluadora de Remedios Maribel García Charriez, al sostener que los documentos originales de las solicitudes de reconsideración núms. B-1254-24 y B-1429-24 le fueron devueltos el 17 de diciembre de 2024 porque el recurrente las presentó "fuera de términos".
>
> Erró la Coordinadora Regional Damaris Robles Domínguez al exponer en la Resolución que emitió, sobre la Solicitud de Reconsideración B-264-25, que "la Ley de Procedimiento Administrativo Uniforme establece el término de veinte (20) días como término para aceptar las Solicitudes de Reconsideración.
>
> Erró la Coordinadora Regional Damaris Robles Domínguez al utilizar un documento timbrado con el logo del DCR, que no está oficialmente reconocido por el Departamento de Estado ni tampoco por el Reglamento de Remedios Administrativos 8583, *supra,* para devolverle al recurrente documentos originales de solicitudes de reconsideración que el recurrente presentó.

El recurrente aduce que la División erró al devolverle las solicitudes de reconsideración de los remedios números B-1254-24 y B-1429-24 por tardías, porque las depositó en el buzón de la institución penal dentro del término de veinte (20) días dispuesto para ello, tal y como lo requiere la reglamentación aplicable. Por ello, opina que la agencia debió atenderlas. Indica que no se le debe responsabilizar por los atrasos atribuibles al personal de la División encargado de recoger la correspondencia. Entiende que el término para radicar la moción de reconsideración debe computarse desde que el confinado recibe la respuesta de la solicitud de remedio hasta que deposita en el buzón de la institución la moción de reconsideración, y no cuando la División recoge o recibe la moción depositada. Por otro lado, argumenta que, de ser cierto que los

documentos fueron radicados de manera tardía, lo que niega, el DCR debió emitir una decisión escrita y fundamentada para éste poder ejercer su derecho a solicitar revisión judicial.

Por su parte, mediante *Escrito en Cumplimiento de Resolución*, presentado el 11 de agosto de 2025, el DCR expone las razones por las cuales entiende que debemos conceder deferencia al ente administrativo y confirmar la resolución recurrida. En particular, sostiene que el término para presentar las solicitudes de reconsideración de los remedios números B-1254-24 y B-1429-24 se computó desde el recogido de éstas en la institución, y no desde que la División recibe las solicitudes. Menciona que tal recogido ocurrió el 9 de diciembre de 2024, cuando ya había expirado el término aplicable para radicar las solicitudes de reconsideración sobre las respuestas de los remedios números B-1254-24 y B-1429-24. Reafirma que el recurrente recibió las respuestas el 13 de noviembre de 2024, por lo que el término de veinte (20) días para solicitar reconsideración venció el 3 de diciembre de 2024. Por último, destaca que la presentación tardía de las solicitudes de reconsideración en los remedios números B-1254-24 y B-1429-24 inhabilitó a la División para emitir alguna determinación sobre el asunto.

## II.

## A.

Es norma firmemente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias administrativas cuentan con vasta experiencia y conocimiento especializado en cuanto a los asuntos que les han sido encomendados.[15]

---

[15] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla.[16]

En cuanto a las determinaciones de hecho que realiza una agencia, éstas serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo.[17] Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[18] Por lo tanto, la parte afectada por la decisión administrativa deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial.[19]

Ahora bien, respecto a las conclusiones de derecho de las decisiones de las agencias administrativas, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos por el tribunal.[20]

Al respecto, recientemente, en *Vázquez v. Consejo de Titulares*[21], el Tribunal Supremo hizo eco de la decisión del foro federal en el caso *Loper Bright Enterprises v. Raimondo*[22], y determinó que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. En *Vázquez,* el Tribunal Supremo enfatizó la necesidad de que los foros judiciales,

---

[16] *Transp. Sonell, LLC v. Jta. Subastas ACT,* 214 DPR ___ (2024), 2024 TSPR 82; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[17] Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675.
[18] *Rolón Martínez v. Superintendente*, 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Otero v. Toyota*, 163 DPR 716, 728-729 (2005).
[19] *Otero v. Toyota*, supra, pág. 728.
[20] Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675.
[21] 216 DPR ___ (2025), 2025 TSPR 56 (resuelto el 21 de mayo de 2025).
[22] ___ U.S. ___, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024).

en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, *supra*. Puntualizó que, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, **será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos**. Con ello, nuestro Tribunal Supremo pautó el fin de la deferencia absoluta a las apreciaciones de derecho arribadas por las agencias administrativas.[23] En fin, delimitó que la interpretación de la ley es una tarea que le corresponde a los tribunales y como corolario, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos. Ello, como mecanismo interpretativo del poder judicial.[24]

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales.[25]

**B.**

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, de 4 de mayo de 2015, aprobado conforme a las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-

---

[23] *Vázquez v. Consejo de Titulares*, supra.
[24] *Íd.*
[25] *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

2017[26], provee a la población correccional un sistema para canalizar sus reclamos.

La Regla VI del Reglamento Núm. 8583 dispone en su inciso uno (1) que la División de Remedios Administrativos (División) atenderá toda solicitud de remedio radicada por los miembros de la población correccional.

La Regla VII establece el procedimiento a seguir para la presentación de remedios administrativos. En particular, el inciso 6 de esta Regla indica que los miembros de la población correccional deberán depositar su solicitud, en sobre sellado provisto por el DCR, en el buzón ubicado en las unidades de vivienda en instancias en que el oficial correccional sea quien recoja las mismas.

La Regla IX detalla las funciones específicas del personal de la División. El inciso 3, sub inciso (c) especifica que el Evaluador visita **periódicamente** las instituciones asignadas para distribuir los formularios a la población correccional y **recopilar** las quejas **depositadas en los buzones**. El sub inciso (e) menciona que el Evaluador enumera y codifica y firma el recibo de la solicitud de remedios. El sub inciso (h) explica que el Evaluador le entrega al miembro de la población correccional copia de la solicitud numerada, codificada, con **fecha** y firma **del recibo**. También el sub inciso (ñ) impone al Evaluador la obligación de recibir las solicitudes de reconsideración y enviarlas al Coordinador para la acción correspondiente. El inciso 2 (b) de la Regla IX indica que los Coordinadores de las oficinas locales son los encargados de evaluar contestar las solicitudes de reconsideración.

En cuanto al procedimiento para la radicación de solicitudes de remedio administrativo, la Regla XII, inciso 3, declara que cada institución correccional contará con buzones donde los miembros

---

[26] 3 LPRA sec. 9601 *et seq*.

de la población correccional depositarán las solicitudes de remedio. El inciso 3 prohíbe que se sometan solicitudes por correo, con excepción de aquellas presentadas sobre violencia sexual. El inciso 4 de esta Regla XII puntualiza que el Evaluador y oficial correccional designado por el superintendente son las personas responsables de **visitar periódicamente** las áreas de vivienda de las instituciones o facilidades correccionales para **recoger las solicitudes en el buzón**, durante horas y días laborables. El inciso 5 de la Regla XII establece que el Evaluador tiene el deber de entregarle al miembro de la población correccional copia de la solicitud de remedio debidamente enumerada, **fechada**, firmada y codificada. Mantendrá un índice de las solicitudes, identificándolas mediante asignación de un número.

La Regla XIII regula el procedimiento para emitir respuesta a las solicitudes de remedios administrativos. En el inciso (c) se dispone que una de las razones por las cuales se podrá desestimar una solicitud de remedio administrativo es por haberse presentado fuera del término establecido.

La Regla XIV pauta lo relacionado con los escritos de reconsideración. A tales efectos, el inciso uno (1) indica que cualquier miembro de la población correccional que no esté de acuerdo con la respuesta emitida, puede solicitar la revisión, mediante escrito de reconsideración ante el Coordinador, dentro del término de **veinte (20) días calendarios**, contados a partir del recibo de la notificación de la respuesta. El inciso 3 de la Regla dispone que el Evaluador deberá remitir inmediatamente al Coordinador la Solicitud de Reconsideración con el expediente del caso para la evaluación correspondiente. El inciso 4 indica que el Coordinador, una vez recibida la solicitud de reconsideración por parte del Evaluador, tendrá 15 días para emitir una respuesta al miembro de la población correccional si acoge o no la solicitud de reconsideración. **Si se denegara de plano o el miembro de la**

**población correccional no recibe respuesta de su solicitud de reconsideración en el término de 15 días, podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones**. El término de **treinta (30) días** para acudir en revisión judicial comenzará a correr desde el recibo de la notificación de negativa o desde que se expiren los quince (15) días, según sea el caso.

La Regla XV estatuye que el miembro de la población correccional que desee radicar un recurso de revisión judicial ante el Tribunal de Apelaciones **tendrá treinta (30) días calendarios**, a partir de la fecha del archivo en autos de la copia de la notificación de la resolución de reconsideración emitida por el Coordinador de Remedios Administrativos, **o noventa (90) días a partir de la radicación de la solicitud de reconsideración acogida**, si la agencia no actúa sobre la misma.

En la Regla XVIII, inciso 6, indica que el miembro de la población correccional que interese radicar una solicitud de reconsideración seguirá el proceso descrito para radicar una solicitud de remedio administrativo.

### C.

Debido a que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017[27], es una de las fuentes legales en las que se basa el Reglamento Núm. 8583, las disposiciones en torno al efecto que tiene la presentación de una oportuna moción de reconsideración sobre los términos para solicitar la revisión judicial son iguales tanto en la LPAU como en el aludido reglamento.

Así, la Sección 3.15 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, en lo pertinente, dispone:

---

[27] 3 LPRA sec. 9601 *et seq.*

La parte afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. [...].[28]

Por otro lado, en cuanto a la revisión judicial, la Sección 4.2 de la LPAU, establece lo siguiente:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...].[29]

**III.**

El análisis objetivo de los hechos ante nuestra consideración nos permite concluir que, mediante remedio B-264-25, el Sr. Quiñones Rivera realmente intenta solicitar la reconsideración tardía de los remedios números B-1429-24 y B-1254-24. Veamos.

---

[28] 3 LPRA sec. 9655.
[29] 3 LPRA sec. 9672.

Si damos por cierto que el Sr. Quiñones Rivera presentó el 21 noviembre de 2024 sus solicitudes de reconsideración a los remedios números B-1429-24 y B-1254-24, el término de quince (15) días para que la agencia las acogiera o las rechazara de plano venció el 6 de diciembre de 2024. La agencia no consideró ninguna de las dos mociones de reconsideración, por lo que éstas se entienden rechazadas de plano. Siendo así, y de conformidad con la LPAU y el Reglamento Núm. 8583, a partir del 6 de diciembre de 2024, comenzó a transcurrir el plazo de treinta (30) días con el que contaba el Sr. Quiñones Rivera para acudir en revisión judicial de los remedios números B-1429-24 y B-1254-24. Dicho plazo de treinta (30) días venció el domingo 5 de enero de 2025, pero se extendió hasta el martes 7 de enero de 2025, toda vez que el lunes, 6 de enero de 2025, fue un día feriado.

Aplicando el mismo análisis bajo el supuesto de que fue el 9 de diciembre de 2024 cuando el Sr. Quiñones Rivera presentó las solicitudes de reconsideración de los remedios números B-1429-24 y B-1254-24, el término de quince (15) días para que la agencia las acogiera o las rechazara de plano venció el 24 de diciembre de 2024. A partir de esta fecha, comenzó a transcurrir el plazo de treinta (30) días con el que contaba el Sr. Quiñones Rivera para acudir en revisión judicial de los remedios números B-1429-24 y B-1254-24. Dicho plazo de treinta (30) días venció el 23 de enero de 2025.

Lo cierto es que el Sr. Quiñones Rivera no presentó recurso de revisión judicial alguno en cuanto a los remedios números B-1429-24 y B-1254-24. En su lugar, el 3 de febrero de 2025, instó una nueva solicitud de remedio, número B-264-25, y adujo que, a pesar de haber radicado oportunamente las solicitudes de reconsideración de los remedios previos, la División no le había devuelto las aludidas solicitudes, ni había emitido decisión alguna en torno a éstas. De tal forma, mediante esta nueva solicitud de remedio número B-264-

25, y su correspondiente moción de reconsideración, el Sr. Quiñones Rivera exige que se adjudiquen las mencionadas solicitudes de reconsideración o que se le devuelvan tales documentos con indicación de la fecha tardía en que fueron recibidas por la agencia.

A tenor con el marco jurídico esbozado, el DCR no podía reanudar los procedimientos administrativos mediante una nueva solicitud de remedio número B-264-25 y acoger los planteamientos del Sr. Quiñones Rivera sobre una determinación de la que no recurrió oportunamente. Pretender hacerlo no es otra cosa que un intento tardío de revisar administrativa y judicialmente las decisiones administrativas emitidas en los remedios números B-1429-24 y B-1254-24.

En su recurso, el Sr. Quiñones Rivera no logró rebatir la presunción de legalidad y corrección que cobija la *Resolución* recurrida. Ante la falta de prueba contenida en el expediente administrativo que revele que la determinación del DCR no estuvo amparada en evidencia sustancial, resolvemos que no se cometieron los errores señalados por el Sr. Quiñones Rivera. En virtud de lo anterior, procede que se le otorgue la deferencia debida a la determinación recurrida y confirmemos la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos concurre en que procedía confirmar la decisión recurrida, pues el proceso de remedios administrativos no está disponible para litigar colateralmente lo sucedido en otras solicitudes de remedio. En vez, el recurrente tenía a su disposición otros remedios, si este estimaba que la agencia falló

en cuanto a sus deberes ministeriales, o actuó erróneamente, en cuanto al manejo o disposición de las otras solicitudes de remedio.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones